WINTER TERM, 1863.                    21

Husbands and wife vs. Bullock's adm'r.

CASE 9—PETITION ORDINARY—JANUARY 8.

# Husbands and wife vs. Bullock's adm'r.

### APPEAL FROM CALDWELL CIRCUIT COURT.

1. Pending an action against a *feme sole* to recover the value of personal property, she married, and without either allegation or proof that property of any value had come to the hands of the husband by the marriage, judgment was rendered against the husband and wife for the amount claimed in the action. *Held*—That the judgment was in conflict with *sec.* 3, *art.* 2, *chap.* 47, *Rev. Stat., p.* 10.

2. An intestate dies childless, but leaving his widow *enceinte*, who shortly afterwards gave birth to a child. *Held*—That the widow is entitled to the benefit of the act allowing additional property to widows, approved March 6, 1854. (1 *Revised Statutes*, 428.)

3. The benefits of the act are not restricted to cases where there are more than one infant.

4. A widow has a right to retain, as against the administrator, but not as against creditors, a gold watch which she had worn during the life of her husband; and the *onus* is upon the administrator to show a deficiency of assets. (1 *Williams on Ex'ors*, 643; 2 *Equity Cases Alr.*, 156.)

L. D. HUSBANDS, for appellant, cited 1 *Rev. Stat., p.* 428.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This suit was brought against the female appellant to recover certain personal property, or the value thereof, which had belonged to her late husband, and which had been given up to her by appellee, the administrator.

During the pendency of the action she intermarried with

the male appellant, and the marriage was suggested on the record; and although there was neither allegation nor proof that any property of any value whatever had come to the hands or possession of the husband by the marriage, a judgment was rendered against him as well as the wife for the full value of the property claimed, and no provision made that the amount thereof should be levied upon the estate which may have come to him by virtue of his marriage.

The judgment is in conflict with *sec.* 3, *art.* 2, *chap.* 47, 2 *vol. R. S., p.* 10, and cannot therefore be sustained.

Other questions may arise upon a subsequent trial which it is proper should now be settled.

It seems to be conceded, although there is no proof of the fact, that at the death of the intestate he had no child born; but he left his widow *enceinte*, who was in a short time thereafter delivered of a son. And appellants claim on that account two work horses, and such other property as a widow and infant children of an intestate are entitled to, by virtue of "An act allowing additional property to widows," approved March 6, 1854. (1 *vol. R. S., p.* 428–9.) Which reads as follows: That where there shall be infant children of the intestate, residing with the widow, in addition to the property now allowed by law to widows, there shall be one work horse, five head of sheep, one cooking stove and appendages, and other cooking utensils, not exceeding twenty-five dollars in value, set apart by the appraisers of the estate of the intestate, which shall vest in the widow for the use and benefit of herself and such infant children.

Can the posthumous child be considered as *in esse,* at the death of the father, so as to bring the mother and itself within the provisions of the statute *supra?*

In *Miller vs. Turner,* 1 *Ves. Sen.,* 85, the *Lord Chancellor* said: "There are many cases where a posthumous child is considered as *in esse,* as to take by devise, to be vouched in warranty. A bill has been brought in favor of such infant to stay waste, and an injunction granted. The destruction of him is murder; which shows the law considers such infant as a living creature. In all cases relating to his advantage he

must be considered as *in esse*, according to the rule of the civil law."

By our statute of descent and distribution a posthumous child shall inherit. (*Sec.* 7, *chap.* 30, 1 *vol. R. S.*, 421.)

And provision shall be made for posthumous child of testator out of his estate. (*Sec.* 7, *chap.* 23, 277, 1 *vol. R. S.*)

In *Burnet vs. Mann*, 1 *Ves. Sen.*, 156, *Lord Chancellor* stated the general rule to be, that children in *ventre sa mere* are considered *in esse* for their benefit, not for their prejudice.

Upon the authority of these analogous cases, and of the rule therein enunciated, we are of opinion that the *act* approved 6th of March, 1854, *supra*, must be as available for appellants as if the child of the intestate had been *in esse* at the time of his death. And we are confirmed in this opinion by the legislative will in reference to posthumous children, as expressed in the two sections of the *Revised Statutes supra*.

Nor do we think the benefits of said *act* should be restricted to those cases only where there are more than one infant child, such a construction would be inconsistent with the liberal and humane spirit of the enactment.

It was, therefore, the duty of the appraisers of the estate to set apart two work horses of the estate of the intestate for the widow in her then condition, and the other property named in the act of 1854, *supra;* and the recovery of appellee in this action should be diminished to the extent of the value of two such work beasts, and the other property named in said *act* or the value thereof, not to exceed twenty-five dollars, if it should be proved upon a subsequent trial that the widow was *enceinte* at the death of her husband.

Upon the subject of the gold watches. The widow is entitled to retain only one gold watch as her paraphernalia, which she had, during the life of her husband, been in the habit of wearing, and even that she should not retain against creditors, if there should be a deficiency of assets to pay the debts. (*Williams on Ex'rs*, 1 *vol.*, *p.* 643–4–5; 2 *Eq. Cas. Abr.*, 156; 2 *B. C.*, 435–6.)

As the widow has a right to retain her watch against the claim of the administrator, unless there is a deficiency of

assets to pay the debts of the intestate, the *onus* is upon him to show such deficiency.

There is no bill of exceptions showing what evidence was introduced upon the trial of the exceptions to the depositions, consequently we cannot consider that question.

We have herein stated the principles which should govern upon the subsequent trial of the case, and it is unnecessary to notice other objections to the proceedings in the court below.

The judgment is *reversed*, and the cause remanded for a new trial, and for further proceedings consistent with this opinion.